UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAUL MARTELLOTTA,

        Plaintiff,

  v.

                                      Case No. 19-cv-1257-pp

ANDREW M. SAUL,

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that he is not employed, not married, and has no dependents he is responsible for supporting. Dkt. No. 2 at 1. The plaintiff lists income of $240 per month ($140 from Interstate Plasma, $100 from "St. Vincent DePaul electric bill"), and he states that he "get[s] Food Stamps and Badger Health Care," although he

doesn't list an amount for either. Id. at 2. The plaintiff states that his landlord is currently letting him live rent free, and that he has monthly expenses of $217 ($192 household expenses, $25 phone). Id. at 2-3. The plaintiff does not own a car or a home, he has household furnishings worth approximately $2,000, and he has no cash on hand or in a checking/savings account. Id. at 3-4. The plaintiff states, "I went from making a 6 figure salary to -0-. I have no income + absorbed my 401-K. I will soon be homeless." Id. at 4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that he is requesting judicial review of the Commissioner of Social Security's adverse decision denying him benefits. Dkt. No. 1 at 3. The plaintiff states that the Administrative Law Judge erred in rendering a decision not supported by substantial evidence and containing errors of law and that the Appeals Council erred in declining review of that

2

decision. Id. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 3rd day of September, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**