UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAUL MARTELLOTTA,

    Plaintiff,

v.

                                        Case No. 19-cv-1257-pp

KILOLO KIJAKAZI,

    Defendants.

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY FEE PURSUANT TO § 206(b)(1) (DKT. NO. 36)**

On September 2, 2021, the court reversed the decision of the Commissioner and remanded the case to the Commissioner of Social Security under Sentence Four of 42 U.S.C. §405(g). Dkt. No. 29. Under the Equal Access to Justice Act, the parties stipulated to an award of attorney fees in the amount of $5,351.40, dkt. no. 34, which the court approved on March 15, 2021, dkt. no. 35. Nearly eight months later, after receiving a partially favorable decision from the Commissioner on May 26, 2022, the plaintiff filed an unopposed motion for attorneys' fees under §406(b)(1). Dkt. No. 36. The plaintiff's attorney seeks an award in the amount of $18,760.75 on behalf Frederick J. Daley, Jr. Id. at 1.

**I.    Legal Standard**

An attorney who succeeds in obtaining benefits for a social security claimant may recover fees under 42 U.S.C. §406. "'Section 406(a) governs fees

1

for representation in administrative proceedings before the Social Security Administration; § 406(b) controls fees for representation in federal court.'" Kopulos v. Barnhart, 318 F. Supp. 2d 657, 660 (N.D. Ill. 2004) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002)). The statute provides for a reasonable fee not to exceed 25% of the past-due benefits awarded to the claimant. Id. at 661. Such fees are deducted from the claimant's benefits and do not constitute an award against the government. Id.

The court must approve any fee under §406(b). Congress did not intend such review to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure the arrangement yielded a reasonable result. Gisbrecht, 535 U.S. at 807. Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. In making its determination, the court may consider the character of the representation and the results obtained, reducing the award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time the counsel spent on the case that the fee would constitute a windfall for the attorney. Id. at 808.

## II. Analysis

On July 30, 2019, the plaintiff signed a contract with his attorney agreeing to a 25% total fee for representation before the agency and the court. Dkt. No. 36-2. The agreement stated:

> An attorney who successfully represents a Social Security benefits claimant in court may be awarded as part of the judgment "a

2

> reasonable fee . . . not in excess of 25 percent of the . . . past due benefits" awarded to the claimant.

Id. Attorney Marcus says that she and others in her firm spent 29.05 attorney hours on the case. Dkt. No. 36-4. She says that the firm is owed a total of $18,760.75 and asks that "after an offset/credit refund of the EAJA fees in the amount of $5,351.40, the balance of the 42 U.S.C. §406(b) fees of $13,409.35 be paid directly to the plaintiff's attorney, Frederick J. Daley, Jr." Dkt. No. 36 at 6. She asks the court to direct the defendant to pay counsel $13,409.35. Id.

Section 406(b) places two limitations on attorney fee awards: a cap of 25% and a reasonableness requirement. The award the plaintiff's counsel has requested plainly satisfies the first of those limitations; it does not exceed the 25% cap.

The overall rate of counsels' work was $645.81 per hour. The court finds that this rate is reasonable for the benefit provided to the plaintiff, as it has previously permitted payments in excess of $1,000 per hour. Mentecki v. Colvin, No. 14-cv-1110-pp, 2019 WL 3323874, *2 (E.D. Wis. July 24, 2019) (citing Peterson v. Colvin, No. 12-cv-391 at Dkt. No. 32 (E.D. Wis. Sep. 3, 2015); Kolp v. Colvin, No. 12-cv-842, 2015 WL 4623645, at *2 (E.D. Wis. Aug. 3, 2015). Counsel also obtained favorable results.

The plaintiff's counsel, however, is asking the court to consider a net payment reflecting an offset for the EAJA award of $5,351.40, in lieu of refunding that earlier award to the plaintiff. Where the plaintiff's attorney receives fees under the EAJA and §406(b), the attorney must refund to the plaintiff the smaller fee. Gisbrecht, 535 U.S. at 796. The Seventh Circuit Court

3

of Appeals has stated that a "netting" arrangement of the type requested by Attorney Marcus is "'disfavore[d]' in light of the Savings Provision's language that anticipates an attorney to claimant refund." O'Donnell v. Saul, 983 F.3d 950, 957 (7th Cir. 2020) (citing Martinez v. Berryhill, 699 F. App'x 775, 776 (10th Cir. 2017)). The court will grant the plaintiff's unopposed motion for attorney fees but will require counsel to refund the EAJA fee award to the plaintiff.

### III. Conclusion

The court **GRANTS** the plaintiff's unopposed motion for attorney fees under §206(b)(1) and approves an award of $18,760.75 payable to Attorney Frederick J. Daley, Jr. as principal attorney of Daley Disability Law, P.C. Dkt. No. 36.

The court **ORDERS** that upon receipt of the award, counsel must refund to the plaintiff the $5,351.40 fee previously awarded under the Equal Access to Justice Act.

Dated in Milwaukee, Wisconsin this 12th day of July, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**